## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JULIE STEAMER, individually on behalf of herself and
the plaintiff class,

Civil Action No._____

Plaintiff,

-against-                                     **NOTICE OF REMOVAL**

VESTIAIRE COLLECTIVE USA, INC. and
VESTIAIRE COLLECTIVE SA,

Defendants.

Defendants Vestiaire Collective USA, Inc. ("VCUSA") and Vestiaire Collective SA ("VCSA") (collectively "Defendants"), by and through their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, hereby remove the action presently pending before the Supreme Court of the State of New York, County of New York, and identified there as *Julie Steamer, individually on behalf of herself and the plaintiff class v. Vestiaire Collective USA, Inc. and Vestiaire Collective SA*, Index No. 654865/2018, to the United States District Court for the Southern District of New York, for adjudication by the United States District Court.  In conjunction with same, and for the sole purpose of removing this matter, Defendants state as follows:

## I.    INTRODUCTION

1. This court has original jurisdiction over this action under 28 U.S.C. § 1332(d), based upon the Class Action Fairness Act of 2005 ("CAFA"), because this matter involves citizens of different and/or foreign states, the amount in controversy exceeds the sum of $5,000,000, and the potential plaintiff class exceeds 100 individuals.

## II.    STATE COURT ACTION & PROCEDURAL REQUIREMENTS FOR REMOVAL

2.  All procedural requirements related to the removal of this action have been satisfied.

3.  On October 2, 2018, Plaintiff Julie Steamer ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Supreme Court of the State of New York, County of New York, Index No. 654865/2018, alleging six counts: (1) Breach of Contract; (2) Fraud; (3) Deceptive Acts and Practices, New York General Business Law ("GBL") § 349; (4) False Advertising, New York GBL § 350; (5) Negligence; and (6) Unjust Enrichment; arising out of the online sale and purchase of an allegedly counterfeit designer handbag.

4.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint is attached to this Notice of Removal as **Exhibit A**.

5.  On October 18, 2018, VCUSA was served with the Summons and Complaint upon its registered agent.  A true and correct copy of the Affidavit of Service on VCUSA is attached hereto as **Exhibit B**.

6.  On October 17, 2018, Plaintiff improperly attempted to serve process on VCSA by handing a copy of the Summons and Complaint to an employee of VCUSA at its New York City offices. VCSA contests the validity of this service.  A true and correct copy of the Affidavit of Service on VCSA is attached hereto as **Exhibit C**.

7.  As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Supreme Court file that constitutes all process, pleadings, and orders served upon, or in the possession of, Defendants in this action is attached hereto as **Exhibit D**.

9.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and the Clerk of the Supreme Court of New York, County of New

2

York.  Further, a Notice of Filing of Removal of Action is being filed with the Clerk of the Supreme Court of New York, County of New York.

10. Pursuant to 28 U.S. C. § 1453(b), a class action may be removed without regard to whether any defendant is a citizen of the State in which the action is brought, and such action may be removed by any defendant without the consent of all defendants.

11. Nonetheless, this Notice of Removal is jointly filed by both Defendants, who are represented by the same counsel in this action.

## III.    <u>**FEDERAL JURISDICTION UNDER CAFA**</u>

12. This removal is proper under CAFA, pursuant to 28 U.S.C. § 1332(d)(2)(A) and/or (C).

13. This Court has original jurisdiction pursuant to CAFA because this is a proposed class action in which: (1) the potential and/or proposed plaintiff class exceeds 100 putative class members; (2) the putative class asserts an aggregate amount in controversy of more than $5,000,000; (3) "minimal diversity" of citizenship exists amongst the parties; and (4) no CAFA exceptions apply.  See 28 U.S.C. §§ 1332(d)(2)(A) & (C) and 1332(d)(5)(B).  A true and correct copy of the Declaration of Sylvain Andries is attached hereto as **Exhibit E**, ¶¶ 3-9.

14. For these reasons, and as further detailed below, the Court should exercise jurisdiction under CAFA in this matter.

### A.    *<u>The Parties' Citizenships are Diverse.</u>*

15. CAFA's requirement of "minimal diversity" between any class member and any defendant is satisfied in this action.

16. Under 28 U.S.C. § 1332(d)(2)(A), "minimal diversity" exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

3

17. Based upon Defendants' records as well as by Plaintiff's own admission in her Complaint, Plaintiff is a resident of the State of New York. See **Exhibit A** [Complaint, ¶ 5] and **Exhibit E** [Declaration, ¶ 3].

18. However, sales have been made to United States customers with addresses registered on file with the company in all fifty (50) states. See **Exhibit E** [Declaration, ¶ 7].

19. Plaintiff purports to bring this action on behalf of a class of "all persons who were injured as the result of Defendants' false advertising and misrepresentation to the public…and to whom counterfeit luxury items were sold and/or sought to be sold." Defendants run an *online* business active in all fifty (50) states, Plaintiff's proposed class includes no geographical limitations whatsoever and, thus, the putative class would likewise inherently include citizens of all fifty (50) states. As such, Plaintiff seeks to represent a class of consumers that consists of citizens of *any and all states* who were allegedly injured as the result of Defendants' alleged false advertising and misrepresentation and to whom purportedly counterfeit luxury items were sold and/or sought to be sold. See **Exhibit A** [Complaint, ¶ 17] and **Exhibit E** [Declaration, ¶ 7].

20. VCUSA is incorporated in the State of Delaware and maintains its principal place of business in the State of New York. See **Exhibit E** [Declaration, ¶ 4].

21. Accordingly, the diversity requirements of CAFA are satisfied as member(s) of the putative class would be citizens of states different from VCUSA (i.e., citizens of states other than only New York and/or Delaware). See 28 U.S.C. § 1332(d)(2)(A).

22. Further, under 28 U.S.C. § 1332(d)(2)(C), "minimal diversity" also exists where "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state."

5495355v.2

23. Again, based upon Defendants' records as well as by Plaintiff's own admission in her Complaint, Plaintiff is a resident of the State of New York. See **Exhibit A** [Complaint, ¶ 5] and **Exhibit E** [Declaration, ¶ 3].

24. VCSA was created under the laws of France and maintains its principal place of business in Paris, France. See **Exhibit E** [Declaration at ¶ 5].

25. Accordingly, the diversity requirements of CAFA are satisfied as Plaintiff is a citizen of New York and VCSA is a citizen or subject of a foreign state (i.e., France). See 28 U.S.C. § 1332(d)(2)(C).

### B. *The Potential Plaintiff Class Exceeds 100 People.*

26. CAFA's requirement of at least one hundred (100) class members is satisfied in this matter.

27. The Complaint alleges that members of the class include: "all persons who were injured as the result of Defendants' false advertising and misrepresentation to the public that their website www.VestiaireCollective.com is '[T]he ultimate destination to BUY and SELL pre-owned, authenticated luxury fashion' and to whom counterfeit luxury items were sold and/or sought to be sold." See **Exhibit A** [Complaint, ¶ 17].

28. Since 2013 to the present, there are close to 50,000 customers with addresses in the United States registered on file with the company, and, hence there are approximately 50,000 potential class members in the United States, subject to the various applicable statutes of limitations. See **Exhibit E** [Declaration, ¶ 6].

29. Further Plaintiff alleges in her Complaint that "[t]he members of the Class are believed to number in the thousands…". See **Exhibit A** [Complaint, ¶ 18].

30. Accordingly, the requisite number of putative class members required for removal pursuant to 28 U.S.C. § 1332(d)(5)(B) is satisfied here.

5495355v.2

### C. *The Minimum Amount in Controversy is Satisfied.*

31. The burden of establishing the amount in controversy under CAFA jurisdiction is not an onerous burden to satisfy. "[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Report on the Class Action Fairness Act of 2005, S. Rep. 109-14, pp. 42.

32. Unlike traditional diversity jurisdiction, the amount in controversy under CAFA is determined by aggregating the claims of putative class members. See 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

33. Although Plaintiff does not allege or request a specific, overall amount of damages in the Complaint, a defendant may establish the jurisdictional amount for purposes of removal by including in the Notice "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Hutchison v. State Farm Fire & Cas. Co.*, 2017 WL 7735190, at *1 (S.D.N.Y. Nov. 20, 2017) (*quoting Dart Cherokee Basin Operating Co., LLC., v. Owens,* 135 S.Ct. 547, 554 (2014)) (Internal quotations omitted). *See also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) ("A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence.").

34. Here, the allegations in the Complaint demonstrate that the relief sought by Plaintiff and the putative class far exceeds the $5,000,000 amount in controversy threshold.

5495355v.2

35. Plaintiff's Complaint seeks damages on behalf of herself and a class of "all persons who were injured as the result of Defendants' false advertising and misrepresentation to the public…and to whom counterfeit luxury items were sold and/or sought to be sold" in the form of: (i) actual damages for alleged breach of contract, fraud, and violations of NY GBL §§ 349-350; (ii) punitive damages for alleged breach of contract and fraud; (iii) treble damages for alleged violations of NY GBL §§ 349-350; (iv) damages for alleged negligence; (v) relief for alleged unjust enrichment in an amount equal to the benefits unjustly retained by Defendants; (vi) for reasonable attorneys' fees, expert fees, and costs and expenses; and (vii) other monetary and non-monetary relief.   See **Exhibit A** [Complaint, ¶¶ 17, 28-29, 32, 38-39, 44-45, 51, 56, pp. 12-13].

36. Plaintiff alleges in her Complaint that "[t]he members of the Class are believed to number in the thousands…".  See **Exhibit A** [Complaint, ¶ 18].

37. Since 2013 to the present, there are close to 50,000 customers with addresses in the United States registered on file with the company.  See **Exhibit E** [Declaration, ¶ 6].  Thus, there are approximately 50,000 potential class members in this action, subject to the various applicable statutes of limitations.

38. Plaintiff claims actual damages in the amount of $6,439.95 in this action.  See **Exhibit A** [Complaint, ¶¶ 10, 25].

39. In bringing a class action, Plaintiff inherently alleges that "[c]ommon questions of law and fact exist as to all members of the Class," that her "claims are typical of the claims of the members of the Class," and that "all are similarly affected by Defendants' wrongful conduct."  See **Exhibit A** [Complaint, ¶¶ 19, 21].

5495355v.2

40. Therefore, based solely on Plaintiff's claims for actual damages of $6,439.95, and assuming such actual damages are typical of the class, less than *one* thousand (1,000) class members would suffice to far exceed the $5,000,000 threshold requirement for removal under CAFA (i.e., $6,439.95 x 1,000 = $6,439,950.00), let alone *thousands* of class members (as pled by Plaintiff) or approximately *fifty*-thousand (50,000) (overall potential class members, subject to the various applicable statutes of limitations). *Scherer v. The Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397 (2d Cir. 2003) (to determine the amount in controversy, a court should look to the allegations in the complaint as of the date of the complaint); *Gordon v. Amica Mut.. Ins. Co.*, 2005 WL 123851, *3 (D. Conn. Jan 20, 2005) ("It is well settled that the defendant's defenses have no bearing on the amount in controversy, and that the sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

41. Therefore, based solely on Plaintiff's claims for actual damages – foregoing any calculation as to her claims for punitive damages, treble damages, damages for alleged negligence, relief for alleged unjust enrichment, reasonable attorneys' fees, expert fees, costs and expenses, and any other monetary and/or non-monetary relief – and assuming only one thousand (1,000) class members, the minimum amount in controversy requirement is easily satisfied on the face of the Complaint alone.

42. Assuming, *arguendo*, Plaintiff's theory of liability and damages are correct and a class as defined in the Complaint were certified (although it is Defendants' position that class certification should be denied), the total value of the damages Plaintiff seeks on behalf of

8

herself and the purported class far exceeds the $5,000,000 threshold required for removal pursuant to 28 U.S.C. § 1332(d)(2).[1]

**D.  *None of the Exceptions to CAFA Apply.***

43. Under CAFA, there are three types of jurisdictional prerequisites and/or exceptions which permit or require federal courts to decline to exercise jurisdiction – i.e., (i) exceptions based on the parties involved; (ii) claims-based exceptions; and (iii) geography-based exceptions. See 28 U.S.C. § 1332(d)(3)-(5), & (9).

44. In this action, the party-based jurisdictional prerequisites/exceptions to CAFA do not prohibit this Court from exercising jurisdiction because the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," and because the number of putative class members, as outlined in Section B above, is greater than 100 individuals.  See 28 U.S.C. § 1332(d)(5).

45. In this action, the claims-based exceptions to CAFA do not apply because this purported class action does not involve (let alone "solely involve[]") claims: (A) concerning a covered security; (B) that relate to the internal affairs or governance of a corporation or other form of business enterprise; or (C) that relate to the rights, duties, and obligations relating to or created by or pursuant to any security.  See 28 U.S.C. § 1332(d)(9).

46. In this action, none of the geography-based exceptions apply because they all require, in part: (i) "greater than one-third but less than two-thirds," (ii) "greater than two-thirds," or (iii) "two-thirds or more," of the members of all proposed plaintiff classes in the aggregate to be citizens of the state in which the class action was originally filed – here, citizens of

---

[1] This valuation is provided for the purpose of removal only and is not indicative of the propriety of class treatment of Plaintiff's claims.

5495355v.2

New York – in order for the geography-based exceptions to potentially apply.  See 28 U.S.C. § 1332(d)(3)-(4).  However, to the best of Defendants' knowledge and belief, the putative class members who are citizens of New York would make up *less than one-third* of the overall putative class.  See **Exhibit E** [Declaration, ¶¶ 7-9].  This is due to the fact that, from 2013 to the present, only approximately 21% to 27% of all United States customers have had addresses in the State of New York registered on file with the company and, likewise, only approximately 21% of all U.S. customer sales in 2017 and 2018 were from or to customers residing in the State of New York.  See **Exhibit E** [Declaration, ¶¶ 8-9].

47. Based on the above, and to the best of Defendants' knowledge and belief, none of the jurisdictional prerequisites and/or exceptions to CAFA would prohibit this Court from exercising jurisdiction in this action.

## IV.    Relief Requested

48. Because the minimum amount in controversy, "minimal diversity," and all other requirements are met and satisfied, removal under CAFA is proper.

49. Defendants respectfully request that the United States District Court for the Southern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary and appropriate.

50. Defendants reserve the right to amend and/or supplement this Notice of Removal.

Dated: November 16, 2018

**CONSTANGY, BROOKS,**
**SMITH & PROPHETE LLP**

*/s/ John E. MacDonald*
John E. MacDonald, Esq. (JM1234)
989 Lenox Drive, Suite 206

10

5495355v.2

Lawrenceville, NJ 08648
Telephone:  (609) 357-1183
Facsimile:  (609) 357-1196
jmacdonald@constangy.com
*Attorneys for Defendants*

11

**CERTIFICATION OF SERVICE**

I hereby certify that on November 16, 2018, I electronically filed the foregoing **NOTICE**

**OF REMOVAL** with the Clerk of the Court using the CM/ECF system.

The same has been served on Plaintiff's counsel of record by having copies deposited in

the United States mail in an envelope, with adequate first class postage affixed thereon, and by

electronic mail, properly addressed as follows:

> Steven Altman, Esq.
> ALTMAN & COMPANY P.C.
> 12 Gay Road
> P.O. Box 781
> East Hampton, NY 11937
> SAltman@AltmanCo.net
> *Attorneys for Plaintiffs*

The same has been served on the Clerk of Court of the Supreme Court for New York

County via ecf.

> **CONSTANGY, BROOKS,**
> **SMITH & PROPHETE LLP**
>
> */s/ John E. MacDonald*
> John E. MacDonald, Esq. (JM1234)
> 989 Lenox Drive, Suite 206
> Lawrenceville, NJ 08648
> Telephone:  (609) 357-1183
> Facsimile:  (609) 357-1196
> jmacdonald@constangy.com
> *Attorneys for Defendants*

5495355v.2