```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
JULIE STEAMER, individually on behalf of herself and      :
the plaintiff class,                                      :
                                                          :
                                                          :    18-CV-10739 (JMF)
                              Plaintiff,                  :
                                                          :    MEMORANDUM OPINION
           -v-                                            :       AND ORDER
                                                          :
VESTIAIRE COLLECTIVE USA, INC., and                       :
VESTIAIRE COLLECTIVE, SA,                                 :
                                                          :
                              Defendants.                 :
                                                          :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

This putative class action was dismissed when the parties reported that they had reached a settlement in principle, but was reopened when Plaintiff Julie Steamer reported that the parties had failed to memorialize the terms of their settlement. *See* Docket Nos. 17, 20, 21. Thereafter, Defendants Vestiaire Collective USA, Inc., and Vestiaire Collective, SA filed a motion to enforce the parties' purported settlement. *See* Docket No. 22. In evaluating whether parties to a lawsuit intended to be bound by a settlement agreement in the absence of a mutually executed document, courts (applying federal or New York law) consider the following factors:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997); *see also Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007). "No single factor is decisive, but each provides significant guidance." *Ciaramella*, 131 F.3d at 323.

Applying those factors here, the Court denies Defendants' motion to enforce the settlement. First, although there was no express reservation of the right not to be bound absent a written

agreement, counsel's communications throughout the settlement process — including submissions to this Court, both before and after the agreement in principle — made clear that both parties expected a written settlement agreement. *See* Docket No. 27-1, at 5 (defense counsel's email that he would "draft a settlement agreement"); Docket No. 32-4 (defense counsel's request for information to "plug . . . into the settlement agreement"); Docket No. 15 (joint letter to the Court stating that "[c]ounsel anticipates the preparation and execution of a formal settlement agreement"); Docket No. 32-3 (Plaintiff's counsel's email, after informing the Court of the settlement, stating that the parties "hope to executive final settlement documents shortly."); Docket No. 32-3 (defense counsel's email, also after informing the Court of settlement, that he still "ha[d] to draft the agreement and have it signed off on by two companies"). Defendants make much of one exchange in which they emailed a list of four terms and Plaintiff's counsel responded: "My client will agree to a deal on these terms." *See* Docket No. 27-1, at 2, 3. But the Second Circuit rejected a nearly identical argument in *Ciaramella*. *See* 131 F.3d at 325. Additionally, the parties' draft agreements contained merger clauses, which the Second Circuit observed "is persuasive evidence that the parties did not intend to be bound prior to the execution of a written agreement." *Id.* at 324.

With respect to the second factor, Defendants provide "no evidence of partial performance of the settlement agreement," which weighs against enforcement. *See id.* at 325. With respect to the third, although counsel appeared to believe that they had agreed to material terms of a settlement in emails dated January 17 and 18, the subsequent arguments about the differences between Plaintiff's and Defendants' draft agreements reveal that they did not. *See* Docket No. 27-5, at 2. The emails did not address, for example, how Steamer would return the handbag at issue, who would evaluate its condition, or whether Steamer was releasing only her claims or her husband's claims. *See Ciaramella*, 131 F.3d at 325 ("[T]he existence of even 'minor' or 'technical' points of disagreement in draft settlement documents were sufficient to forestall the conclusion that a final

agreement on all terms had been reached."); *see also Velazquez v. Yoh Servs., LLC*, No. 17-CV-842 (CM), 2017 WL 4404470, at *3 (S.D.N.Y. Sept. 25, 2017) ("[T]he parties merely agreed to the broad terms of a settlement without deciding how those terms would be implemented."). Finally, as to the fourth factor, settlement agreements — particularly those with "numerous provisions that will apply into perpetuity" — "are generally required to be in writing," *Ciaramella*, 131 F.3d at 326, and here, the drafted settlement agreements included provisions applying into perpetuity. All together, because each factor weighs against finding that the parties intended to be bound to a settlement without a written contract, the parties' purported settlement is not enforceable.

That said, the materials submitted in connection with Defendants' motion reveal that the parties agree on much more than they disagree and, in the Court's view, suggest that they can and should resolve their disagreements without the need for further litigation, whether in this Court or elsewhere. To that end, by separate Order to be entered today, the Court is referring the case to Magistrate Judge Debra C. Freeman for settlement purposes. The parties are **ORDERED** to conduct an in-person settlement conference with Magistrate Judge Freeman no later than **May 24, 2019**. Additionally, the parties are ORDERED to submit a joint status letter by no later than **one week after the settlement conference occurs**. The Court will defer ruling on Defendants' other pending motion — to compel arbitration — until it receives the joint status letter.

The Clerk of Court is directed to terminate Docket No. 22.

SO ORDERED.

Dated: April 9, 2019
New York, New York

JESSE M. FURMAN
United States District Judge